UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADVANCED REPRODUCTIVE HEALTH CENTER LTD. D/B/A CHICAGO IVF and JOEL G. BRASCH <br><br> Plaintiffs, <br><br> V. <br><br> EINSTEIN INDUSTRIES, INC. <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. |

**COMPLAINT FOR SERVICE MARK/TRADE NAME INFRINGEMENT, CYBERSQUATTING, FALSE ADVERTISING, UNFAIR COMPETITION AND UNFAIR AND DECEPTIVE TRADE PRACTICES**

Plaintiffs **ADVANCE REPRODUCTIVE HEALTH CENTER LTD. D/B/A CHICAGO IVF AND JOEL P. BRASCH** (hereinafter "Plaintiffs"), complaining of the Defendant, **EINSTEIN INDUSTRIES, INC.** (hereinafter "Defendant") alleges as follows:

1. Plaintiff Advance Reproductive Health Center Ltd. d/b/a/ Chicago IVF ("Chicago IVF") is an Illinois Corporation having its corporate place of business in this district at 5225 Old Orchard Road, Suite 21, Skokie, Illinois 60077.

2. Plaintiff Joel G. Brasch ("Dr. Brasch") is an individual resident of the State of Illinois, doing business at 5225 Old Orchard Road, Suite 21, Skokie, Illinois 60077. Dr. Brasch is the owner of the CHICAGO IVF® trademark and an owner of Chicago IVF.

- 2 -

3. Upon information and belief, Defendant Einstein Industries, Inc. is a corporation with a principal place of business at 6825 Flanders Dr., San Diego, CA 92121.

4. Upon information and belief, Defendant Einstein Industries, Inc. transacts business in the State of Illinois and in this district, and has committed tortious acts within this district causing injury to Plaintiffs in this district through, among other things the licensing of domain names which infringe upon Plaintiffs' rights and that are used to unfairly compete with Plaintiffs.

5. This action is based on and arises out of Defendant Einstein Industries Inc.'s registration and licensing of domain names containing and/or confusingly similar to Plaintiffs' trademark and trade name CHICAGO IVF®, for the purpose of preventing Plaintiffs' use thereof and unfairly competing with Plaintiffs in violation of applicable federal and state law. In knowing disregard of Plaintiffs' rights in the CHICAGO IVF trademark and trade name, Defendant has registered the domain names www.chicagoivf.com and www.ivfchicago.com (the "Domain Names") and licensed the use of the Domain Names to direct competitors of Plaintiffs in violation of federal and state statutes.

6. This Court has subject matter jurisdiction of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332 and 1338. The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and § 1391(c).

7. Plaintiff Chicago IVF is a leading and respected provider of fertility and reproductive medicine services with a national and international reputation.

8. Dr. Brasch is the owner of the CHICAGO IVF mark, which he licenses to Chicago IVF. Chicago IVF has provided its services since at least as early as 1996, and since at least as early as February 22, 2001 under the CHICAGO IVF mark, and as a result of its extensive and long term use in the medical/infertility industry, has become distinctive of Dr. Brasch's and Chicago IVF's services. Dr. Brasch is the owner of United States trademark registration No. 5035516 for CHICAGO IVF for use in connection with reproduction medical services. A copy of the registration is annexed hereto as Exhibit A.

9. Plaintiffs utilize the Internet and Internet domain names as an integral part of their business.

10. Defendant is a provider of marketing and Internet marketing services to medical providers.

11. On September 7, 2000, Chicago IVF's counsel filed a corporate name reservation with the Secretary of State of the State of Illinois for Chicago IVF, LTD. Unbeknownst to Chicago IVF, on the same day, Einstein registered the Domain Names.

12. On information and belief, at the time Defendant registered the Domain Names, Defendant: a) had no valid rights to the CHICAGO IVF mark; b) was well aware that Chicago IVF had chosen Chicago IVF as its trade name and service mark for its business.

13. Defendant had and has no valid reason to register any of the Domain Names, and such registration appears designed to harm Plaintiffs by either: a) preventing Plaintiffs from registering and using the Domain Names; or b) commercially exploiting the Domain Names to promote businesses that compete with Plaintiffs.

**COUNT I -CYBERSQUATTING**

14. Plaintiffs repeats and realleges each of the allegations contained in Paragraphs 1-13 above as though fully set forth herein.

15. Defendant's use and registration of each of the Domain Names constitute cybersquatting and is a violation of 15 U.S.C. § 1125(d) of the Lanham Act, 15 U.S.C. § 1051 et seq, as amended by the Anticybersquatting Consumer Protection Act of 1999.

16. Each of the Domain Names is, for all intents and purposes, confusingly similar to and/or dilutive of the CHICAGO IVF trademark and trade name.

17. Each of the Domain Names is comprised in large and material part of Plaintiffs' distinctive trademark and trade name.

18. Defendant had and has a bad faith intent to profit from and harm Plaintiffs. Facts evidencing Defendant's bad faith include:

    (a) Defendant has not used any of the Domain Names in connection with the *bona fide* offering of any goods or services;

    (b) Defendant is leasing/licensing the Domain Names to direct competitors of Plaintiffs;

    (c) Each of the Domain Names consist in large and most prominent part of one of the Plaintiffs' trade names and trademark.

    (d) Defendant willfully undertook the foregoing acts with knowledge of and disregard for Plaintiffs' business and rights.

- 5 -

19. Defendant's foregoing acts have caused, are causing, and will cause, great and irreparable injury to Plaintiffs.

## COUNT II - TRADEMARK INFRINGEMENT

20. Plaintiffs repeat and reallege each of the allegations contained in Paragraphs 1-13 above as though fully set forth herein.

21. Defendant's licensing of the Domain Names to competitors of Plaintiffs and other unlawful and improper actions clearly causes redirection of consumers seeing Plaintiffs to competitors who are licensed by Defendant. Such actions are, among other things, likely to cause confusion, mistake, or deception as to the source, origin, affiliation, association or sponsorship of Defendant's licensee's services and falsely mislead consumers into believing that Defendant's licensee's services are affiliated or connected with, or approved by, Plaintiffs.

22. As a direct and proximate result of Defendant's infringement, Plaintiffs have suffered, and will continue to suffer, monetary loss and irreparable injury to their businesses, reputations, and goodwill.

23. Accordingly, Defendant's use of the Domain Names constitutes infringement of Plaintiffs' registered trademarks, in violation of the Lanham Act, 15 U.S.C. § 1114.

24. Defendant's acts of infringement have caused Plaintiffs to sustain monetary damage, loss and injury, in an amount to be determined at trial.

25. Defendants have engaged in these activities willfully, so as to justify the assessment of treble damages and attorneys' fees under 15 U.S.C. § 1117.

26. Defendant's acts of infringement, direct and/or contributory, unless enjoined by this Court, will continue to cause Plaintiffs to sustain irreparable damage, loss and injury, for which Plaintiffs have no adequate remedy at law.

## **COUNT III - UNFAIR COMPETITION/FALSE DESIGNATION OF ORIGIN**

27. Plaintiffs repeat and reallege each of the allegations contained in Paragraphs 1-13 above as though fully set forth herein.

28. Defendants have made and knowingly permitted the making of false and misleading use of the Domain Names regarding the nature, characteristics, qualities, and/or origin of Defendant's services and/or commercial activities.

29. Defendant's unlawful and improper actions clearly cause redirection of customers from Plaintiffs to Defendant's licensee and are, among other things, likely to cause confusion, mistake or deception as to the source, origin or sponsorship of Defendant's services, and to falsely mislead consumers into believing that Defendant's services are affiliated or connected with, or are approved by, Plaintiffs.

30. Accordingly, Defendant's activities constitute false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a).

31. Defendant's acts of infringement and unfair competition have caused Plaintiffs to sustain monetary damage, loss, and injury, in an amount to be determined at trial.

32. Defendants have engaged in these activities willfully, so as to justify the assessment of treble damages under 15 U.S.C. § 1117.

33. Defendant's acts of unfair competition, unless enjoined by this Court, will continue to cause Plaintiffs to sustain irreparable damage, loss and injury, for which Plaintiffs have no adequate remedy at law.

## COUNT IV- FALSE ADVERTISING

34. Plaintiffs repeat and reallege each of the allegations contained in Paragraphs 1-13 above as though fully set forth herein.

35. Plaintiffs and Defendant's licensees are competitors in the providing fertility and reproductive medical services.

36. Defendants have made, and knowingly permitted the making false and misleading statements of fact in commercial advertising or promotion in interstate commerce regarding the origin of Plaintiffs' and Defendant's licensees' services and/or commercial activities.

37. Defendant's licensee's false and misleading statements have actually deceived, or have a tendency to deceive, a substantial segment of the audience for the web sites associated with the Domain Names to form false beliefs that are material to the decision to purchase fertility and reproductive services from Plaintiffs and Defendants.

38. As a proximate result of Defendant's licensee's false and misleading statements, Plaintiffs have suffered injury to their commercial interest in sales or reputation, either by direct diversion of sales from Plaintiffs to Defendants or by a loss of goodwill associated with Plaintiffs' services.

39. Defendant's actions were and are knowing, willful and/or intentional acts, and were undertaken with the deliberate intent that Defendant's licensees will trade on the reputation and goodwill of Plaintiffs, so as to justify the assessment of increased damages against them under 15 U.S.C. § 1117, in an amount to be determined at trial.

40. Unless restrained by this Court, these acts will continue and will continue to cause serious and irreparable injury to Plaintiffs and their goodwill and reputation.

41. Defendant's licensing of the Domain Names to competitors of Plaintiffs and other unlawful and improper actions are likely to cause confusion, mistake, or deception as to the source, origin, affiliation, association or sponsorship of Defendant's licensees' services and falsely mislead consumers into believing that Defendant's licensee's services are affiliated or connected with, or approved by, Plaintiffs.

42. As a direct and proximate result of Defendant's infringement, Plaintiffs have suffered, and will continue to suffer, monetary loss and irreparable injury to their businesses, reputations, and goodwill.

43. Accordingly, Defendant's use of the Domain Names constitutes false advertising under the Lanham Act, 15 U.S.C. § 1125(a).

44. Defendant's acts of false advertising have caused Plaintiffs to sustain monetary damage, loss and injury, in an amount to be determined at trial.

45. Defendants have engaged in these activities willfully, so as to justify the assessment of treble damages and attorneys' fees under 15 U.S.C. § 1117.

- 9 -

## COUNT V- ILLINOIS CONSUMER FRAUD AND DECEPTIVE PRACTICES

46. Plaintiffs repeat and reallege each of the allegations contained in Paragraphs 1-13 above as though fully set forth herein. Plaintiffs and Defendants are direct competitors in the sale of furniture.

47. Defendants have made and/or encouraged use of the Domain Names to cause confusion regarding the origin of Defendant's licensees's services and/or commercial activities.

48. The use of the Domain Names encouraged and permitted by Defendant has actually deceived, or has a tendency to deceive, a substantial segment of the audience of the web sites connected with the Domain Names to form false beliefs that are material to the decision to purchase fertility and reproductive medical services from Plaintiffs and Defendants.

49. As a proximate result of the use of the Domain Names to compete with Plaintiffs, Plaintiffs have suffered injury to their commercial interest in sales or reputation, either by direct diversion of sales from Plaintiffs to Defendants or by a loss of goodwill associated with Plaintiffs' services.

50. Unless restrained by this Court, these acts will continue and will continue to cause serious and irreparable injury to Plaintiffs and their goodwill and reputation.

## COUNT VI  COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

51. Plaintiffs repeat and reallege each of the allegations contained in Paragraphs 1-13 above as though fully set forth herein.

52. Defendant's and Defendant's licensee's use of the Domain Names constitute a reproduction, copying, counterfeit, and/or colorable imitation of the CHICAGO IVF ® service mark and trade name in a manner that is likely to cause confusion or mistake or that is likely to deceive consumers.

53. Defendant's activities complained of herein constitute forms of unfair competition under Illinois and California common law.

### COUNT VII UNFAIR COMPETITION-CALIFORNIA LAW

54. Plaintiffs repeat and reallege each of the allegations contained in Paragraphs 1-13 above as though fully set forth herein.

55. Defendant has knowingly engaged in unlawful, fraudulent, or unfair acts or practices in the conduct of a business, which acts or practices constitute unfair competition within the meaning of Section 17200 of the Business and Professions Code. Defendants' acts or practices in proactively registering the Domain Names after learning of Plaintiffs' registration of an assumed business name in the State of Illinois.

56. Defendant's activities complained of herein constitute forms of unfair competition under California Business and Professional Code Section 17200.

### COUNT VIII FALSE ADVERTISING -CALIFORNIA LAW

57. Plaintiffs repeat and reallege each of the allegations contained in Paragraphs 1-13 above as though fully set forth herein.

58. Defendant has, with the intent to induce members of the public to purchase services, has made and has knowingly caused its licensees to make, false representations

- 10 -

Case: 1:18-cv-00927 Document #: 1 Filed: 02/05/18 Page 11 of 12 PageID #:11

regarding the origin of its services, which Defendant knew, or by the exercise of reasonable care should have known, were untrue or misleading at the time they were made.

59. Defendant's activities constitute false advertising under California Business and Professional Code Section 17200.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray:

A. For an injunction preliminarily and permanently enjoining and restraining Defendant Einstein Industries from using the Domain Names or any domain name that is confusingly similar to Plaintiffs' CHICAGO IVF trademark/trade name.

B. That Defendant Einstein Industries be required to relinquish the Domain Names and be further required to transfer such registration to the appropriate Plaintiff;

C. That the Court award to Plaintiffs' statutory damages in an amount of $1,000 to $100,000 per Domain Name, in accordance with 15 USC § 1117(d), taking into consideration Defendant's knowing and willful conduct (or if Plaintiffs elect, actual damages);

D. That Plaintiffs be awarded damages for Defendant's trademark infringement, false advertising, unfair competition and fraud and deceptive practices consistent with the principles of applicable law and common law.

D. That Plaintiffs be awarded the costs of this action;

E. That Plaintiffs be awarded and their reasonable attorney's fees; and

F. That Plaintiffs have such other and further relief as the Court may be deemed just and proper under the circumstances.

- 11 -

      Attorneys For Plaintiffs
      **ADVANCED REPRODUCTIVE HEALTH**
      **CENTER LTD. D/B/A CHICAGO IVF and**
      **JOEL G. BRASCH**

_____

Bart A. Lazar #6195086
SEYFARTH SHAW, LLP
233 S. Wacker Drive, Suite 8000
Chicago, Illinois 60606
(312) 460-5986

42835628v.3